SHOWA LAW OFFICE, LLLC

ANDREW DAISUKE STEWART   7810-0
735 Bishop Street
Suite 318
Honolulu, Hawaii 96813
Tel. (808) 772-9297
Fax. 1 (866) 772-9407

Attorney for Plaintiff
MASAHIKO KAWASAKI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MASAHIKO KAWASAKI ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> KATSUMI SAWA; KAKAAKO ) <br> ENTERPRISES, LLC; DOE ) <br> DEFENDANTS 1 -20. ) <br> ) <br> Defendants. ) <br> _____ ) | Civil No. _____ <br><br><br><br> COMPLAINT <br><br><br><br> . |

## **COMPLAINT**

Comes now Plaintiff, MASAHIKO KAWASAKI, by and through his attorney, SHOWA LAW OFFICE, LLLC, and hereby files this Complaint, and alleges and avers the following causes of action against Defendants KATSUMI SAWA, KAKAAKO ENTERPRISES, LLC, and DOE DEFENDANTS 1 – 10.

## **THE PARTIES**

1. Plaintiff Masahiko Kawasaki ("Plaintiff") is and was at all times relevant a citizen and resident of Japan.

2. Upon information and belief, Defendant Katsumi Sawa ("Defendant Sawa") is and was at all times relevant a naturalized citizen of the United States and a resident of the City and County of Honolulu.

3. Defendant Kakaako Enterprises, LLC (hereinafter sometimes referred to as "the LLC") is a limited liability company formed and registered under the laws of the State of Hawaii.

4. DOE DEFENDANTS 1 - 20 (collectively referred to herein as "DOE DEFENDANTS" or "other presently unidentified Defendants) are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff except that they are connected in some manner with Defendants or were the agents, principals, partners, officers, directors, members, servants, employees, employers, representatives, co-venturers, associates, consultants, vendors, suppliers, manufacturers, subcontractors, contractors, sureties, insurers, owners, lessees, sublessees, lessors, guarantors, assignees, assignors, licensees or licensors of Defendants or were

in some manner presently unknown to Plaintiff, engaged in the activities alleged herein, or were in some manner responsible for the injuries and damages to Plaintiff, or conducted some activity or activities in a negligent or wrongful manner which was a proximate cause of the injuries and damages to Plaintiff, and Plaintiff prays for leave to certify the true names, identities, capacities, activities, and responsibilities of DOE DEFENDANTS when the same are ascertained.

## JURISDICTIONAL STATEMENT

5. This Honorable Court has jurisdiction over the subject matter of the within action pursuant to 28 U.S.C. Section 1332. The amount in controversy is in excess of $75,000. Venue is appropriate in the District Court of the District of Hawaii pursuant to 28 U.S.C. Section 1391.

## FACTUAL ALLEGATIONS

6. In 2010, Plaintiff saw an advertisement for Kakaako Enterprises, LLC, which included a photograph of Defendant Sawa, in a local Honolulu-based Japanese language magazine entitled "*Hawaii Ni Sumu*". Among other things, the advertisement stated "seeking investors" and promised to assist readers in obtaining an investment visa to work in the United

States with "low risk". Although the advertisement contained a photograph of Defendant Sawa, it did not identify him by name.

7. On or about July 16, 2012, after seeing the advertisement in *Hawaii Ni Sumu*, Plaintiff contacted Defendant Sawa and arranged to meet with him in Tokyo, Japan about investing in Kakaako Enterprises, LLC.

8. On or about September 10, 2012, Plaintiff met with Defendant Sawa again in Tokyo, during which time, Defendant Sawa provided Plaintiff with additional details about investing in Kakaako Enterprises, LLC and had Plaintiff sign a document entitled "Action by Consent of the Sole Member of Kakaako Enterprises, LLC in Lieu of Meeting", dated September 10, 2012, which consented to Plaintiff's investment of $100,000 into the LLC in exchange for fifty percent (50%) ownership interest in the LLC with Defendant Sawa owning the remaining fifty percent (50%) ownership interest. On this occasion, Defendant Sawa represented to Plaintiff that he (Defendant Sawa) had also invested $100,000 in the LLC, which also gave him a 50% ownership interest, equal to that of Plaintiff.

9. On or about October 12, 2012, Defendant Sawa sent Plaintiff a Japanese language document entitled

"Memorandum of Understanding" ("MOU") for Plaintiff to sign. The MOU stated that Plaintiff would be investing $100,000 into the LLC, which would be used to open a new restaurant in Honolulu called "Kahuna 2" and to "further expand the business".

10. On or about October 20, 2012, Plaintiff mailed a checked written from a First Hawaiian Bank account for One Hundred Thousand and 00/100 U.S. Dollars ($100,000) to Defendant Sawa at his residence in Honolulu, by international priority mail.

11. Defendant Sawa refused to accept the check saying it was written from a U.S. bank account and instructed Plaintiff to send $100,000 by international wire transfer from a Japanese bank.

12. On or about November 27, 2012, Plaintiff complied with Defendant Sawa's request and wired approximately $100,000 worth of Japanese yen from his Citibank account in Japan to Kakaako Enterprises' Bank of Hawaii account.

13. At around the same time, Defendant Sawa demanded Plaintiff pay $5,000 in legal fees for processing his visa application, which Plaintiff paid to Defendant Sawa. Plaintiff

never received any proof or documentation that this money was actually paid for Plaintiff's legal fees.

14.  For over six months after wiring the $100,000, Plaintiff received no documentation from Defendants memorializing his investment into the LLC, including but not limited to, a stock ledger, stock certificates, or prospectus, let alone a receipt confirming receipt of Plaintiff's payment.

15.  On or about May 4, 2013, Defendant Sawa sent Plaintiff a document entitled "Action by Consent of the Sole Member of Kakaako Enterprises LLC in Lieu of Meeting" which consented to Fumimasa Ito investing $100,000 into the LLC and changed the ownership interest in the LLC as follows: Katsumi Sawa – 50%; Masahiko Kawasaki – 25%; and Fumimasa Ito – 25%.

16.  Until he received this document from Defendant Sawa, Plaintiff had no knowledge or notice that ownership interest in the LLC would be sold to Fumimasa Ito, let alone any other third- party investors.

17.  Plaintiff did not wish to sign this document, as it was contrary to his understanding that he would own a 50% ownership interest in the LLC.  Nevertheless, Plaintiff signed the

consent under duress, as Defendant Sawa told Plaintiff that unless he signed the document, Plaintiff's visa would not be processed and that it would cause inconvenience to Defendant Sawa and other investors.

18. On or about December 16, 2013, Defendant Sawa sent Plaintiff a document entitled "Action by Consent of the Sole Member of Kakaako Enterprises LLC in Lieu of Meeting" which consented to Seiichi Kinoshita investing $150,000 into the LLC and changed the ownership interest in the LLC as follows: Katsumi Sawa – 50%; Seeichi Kinoshita – 20%; Masahiko Kawasaki – 15%; Fumimasa Ito – 25%.

19. Until he received this document from Defendant Sawa, Plaintiff had no knowledge or notice that ownership interest in the LLC would be sold to Seeichi Kinoshita.

20. This time, Plaintiff refused to sign the consent, as it was contrary to his understanding that he would own a 50% ownership interest in the LLC.

21. On or about December 29, 2013, Plaintiff contacted Defendant Sawa by email, inquiring about the changes in ownership interest in the LLC and asked Defendant Sawa why he continued to own 50% ownership in the LLC despite the

additional funds invested by new investors and how much he (Defendant Sawa) had personally invested into the LLC. Defendant Sawa responded that he had invested $350,000 into the LLC by that time.

22. Plaintiff subsequently demanded that Defendant Sawa refund the $105,000 he (the Plaintiff) had paid Defendant Sawa and/or the LLC. Defendants refused.

## COUNT I

## (FRAUD/FRAUDULENT INDCUMENT)

23. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

24. Defendant Sawa defrauded Plaintiff by promising him that Plaintiff would hold a 50% ownership interest in the LLC and subsequently decreasing Plaintiff's ownership interest in the LLC by offering an interest in the LLC to other investors without consulting Plaintiff.

25. Upon information and belief, Defendant Sawa made a material misrepresentation to Plaintiff that he (Defendant Sawa) had invested $100,000 into the LLC on or about October 12, 2014.

26. Plaintiff invested $100,000 into the LLC in reliance on Defendant Sawa's representation that he (Defendant Sawa) had already invested $100,000 into the LLC.

27. Upon information and belief, Plaintiff believes Defendant Sawa, despite representations that Plaintiff's $100,000 investment would be used to benefit the LLC, used the funds for his (Defendant Sawa's) own personal benefit.

28. As a result of Defendant Sawa's aforesaid conduct, Plaintiff has suffered monetary damages in an amount no less than $105,000.

## COUNT II

## (VIOLATION OF HRS 485A-501)

29. Plaintiffs repeat and reallege and by reference incorporate the allegations contained in the above paragraphs.

30. Defendant Sawa's actions described above violated Hawaii Revised Statute, Section 485A-501, Section (a)(1) in that Defendant Sawa employed a device, scheme, or artifice to defraud $100,000 from Plaintiff.

31. Defendant Sawa's actions described above violated Hawaii Revised Statute, Section 485A-501 (a)(2) in that Defendant made untrue statements of material fact and/or failed

to state a material fact necessary to make the statements made in the course and scope of selling securities to Plaintiff.

32. Defendant Sawa's actions described above violated Hawaii Revised Statute, Section 485A-501 (a)(3) in that Defendant Sawa engaged in an act, practice, and/or course of business that operated as a fraud or deceipt upon Plaintiff.

33. As a result of Defendant Sawa's aforesaid conduct, Plaintiff has suffered monetary damages in an amount no less than $105,000.

## COUNT III

### (UNFAIR AND DECEPTIVE TRADE PRACTICES)

34. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

35. Defendant Sawa's actions described above violated Hawaii Revised Statute, Chapter 480.

36. As a result of Defendant Sawa's aforesaid conduct, Plaintiff has suffered monetary damages in an amount no less than $105,000.

37. Plaintiff is also entitled treble damages pursuant to HRS Chapter 480.

## COUNT IV

## (BREACH OF FIDUCIARY DUTY)

38. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

39. Defendant Sawa's actions described above, wherein he offered ownership interest in the LLC, without consulting Plaintiff, constituted a breach of fiduciary duty owed to Plaintiff.

40. Defendant Sawa's actions described above, wherein he use the funds invested by Plaintiff for his own personal gain, rather than benefitting the LLC, constituted a breach of fiduciary duty owed to Plaintiff

41. Defendants Sawa's actions wherein he misrepresented the amount of funds he (Defendant Sawa) had invested into the LLC, constituted a breach of fiduciary duty owed to Plaintiff.

42. As a result of Defendant Sawa's aforesaid conduct, Plaintiff has suffered monetary damages in an amount no less than $105,000.

## COUNT V

## (BREACH OF COVENANT OF GOOD FAITH & FAIR DEALING)

43. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

44. Every contract contains an implied covenant of good faith and fair dealing that neither party will act in such a way as to deprive the other of the benefits of the agreement.

45. By making misrepresentations about how much he had invested into the LLC and offering ownership interest in the LLC to thid-party investors without consulting Plaintiff, Defendant Sawa breached the covenant of good-faith and fair dealing owing to Plaintiff

46. By using the funds Plaintiff intended to invest into the LLC, for his (Defendant Sawa's) own personal use, Defendant Sawa breached the covenant of good-faith and fair dealing owing to Plaintiff

47. As a result of Defendant Sawa's aforesaid conduct, Plaintiff has suffered monetary damages in an amount no less than $105,000.

## COUNT VI

### (ACCOUNTING)

48. Plaintiff repeates and realleges and by reference incorporate the allegations contained in the above paragraphs.

49. As a member of the LLC, Plaintiff requests a full accounting of the LLC's funds, income, debts, and liabilities for the past three (3) years.

## COUNT VII

### (ALTER-EGO PIERCING)

50. Plaintiff repeates and realleges and by reference incorporate the allegations contained in the above paragraphs.

51. There was a disregard of legal formalities and a failure to maintain an arms' length relationship between Defendant Sawa and Kakaako Enterprises, LLC.

52. Defendant Sawa used the LLC to perpetuate a fraud and/or defeat a rightful claim of Plaintiff and/or engaged in other improper conduct such that recognition of such corporate fiction would bring about injustice and inequity.

53. As a direct and proximate result of Defendant Sawa's conduct, Plaintiff is entitled to monetary judgment in his favor against Defendant Sawa and the LLC, jointly and severally.

## COUNT VII

## (PUNITIVE DAMAGES)

54. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

55. By engaging in the above-described actions, Defendant Sawa acted wantonly or oppressively, or with such malice, as implies a spirit of mischief or criminal indifference to civil obligations or with that entire want of care which would raise the presumption of a conscious indifference to consequences.

56. Plaintiff is entitled to punitive or exemplary damages as a direct consequence thereof in an amount to be show at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in its favor against all Defendants as follows:

A. For judgment in its favor on each and every count as alleged against the Defendants claimed herein, and presently unidentified Defendants, jointly and severally, in the type of relief or amount of damage set forth therein of for such amount as may be proven at trial.

B. For special damages against Defendants and presently unidentified Defendants, and each of them, jointly and severally, in an amount to be proven at trial, which is sufficient to, among other things, repair and remedy the deficiencies and inadequacies of the Project.

C. In addition thereto, as to Count III, for treble damages.

D. Plaintiff be awarded further special, general, and/or consequential damages.

E. Punitive damages as may be proven at trial.

F. Plaintiff be awarded all costs of suit, including reasonable attorney's fees and costs, interest, all costs of investigation, and such other and further relief as the Court deems equitable in the premises.

DATED: Honolulu, Hawaii, October 26, 2014.

/s/ Andrew Daisuke Stewart
_____
ANDREW DAISUKE STEWART
SHOWA LAW OFFICE, LLLC
Attorney for Plaintiff
MASAHIKO KAWASAKI